UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAOLA OVIEDO, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. H-10-cv-330 |
| | § | |
| GREGG M. HALLBAUER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Pending before the Court is the United States' (the "government") motion to substitute, set aside default judgment and dismiss as premature (Docket Entry No. 2). The plaintiff, Paola Oviedo (the "plaintiff"), has filed a response in opposition to the motion (Docket Entry No. 4). Also before the Court are the plaintiff's motion to remand (Docket Entry No. 3), the government's response in opposition to the plaintiff's motion to remand (Docket Entry No. 5) and the plaintiff's reply (Docket Entry No. 6). After having carefully considered the parties' submissions, the record and the applicable law, the Court determines that the government's motion to substitute, set aside default judgment and dismiss as premature should be GRANTED; and the plaintiff's motion to remand should be DENIED.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On February 25, 2009, the plaintiff, Paola Oviedo (the "plaintiff"), filed a healthcare liability claim with the Department of Health and Human Services (the "DHHS") against Lonestar Family Clinic and/or Conroe Regional Hospital for the injuries she allegedly sustained during labor. (*See* Docket Entry No. 1, Ex. E.). Approximately two months thereafter, on April 30, 2009, she filed an action for medical negligence in the 9th Judicial District Court of

Montgomery County, Texas against Dr. Gregg M. Hallbauer ("Hallbauer"), Dr. Ryan Jennings ("Jennings"), ("Hallbauer" and "Jennings" jointly referred to as the "federal defendant employees"), CHCA Conroe, L.P. d/b/a Conroe Regional Medical Center ("Conroe Regional MC") and Sadler Clinic Association[1] ("Sadler") for damages allegedly sustained during her intrapartum care and delivery. Specifically, in her Original Petition, she alleges that Hallbauer and Jennings, while acting within the course and scope of their employment with Sadler and Conroe Regional MC, respectively, deviated from the applicable standard of care when they treated her during her pregnancy without consulting with either an obstetrician/gynecologist or maternal fetal-medicine physician. (*See* Docket Entry No. 1, Ex. F, ¶ V.) As a consequence, she contends that she suffered numerous complications during her delivery and hospital stay, "including prolonged uncontrolled blood pressure which resulted in sustained hypertension that led to an intracranial hemorrhage." (*Id.*)

On May 6, 2009, Hallbauer and Jennings were personally served with a copy of the citation and petition by a private process server. (*Id.*, Ex. H.) No service, however, was effected on either the United States Attorney or the DHHS, in spite of the plaintiff's previously-filed administrative claim with DHHS. Hallbauer and Jennings failed to timely file an answer or otherwise make an appearance in the state-court action. (*Id.*, Ex. H.).

On July 2, 2009, the plaintiff filed a motion for default judgment against Hallbauer and Jennings. (*Id.*, Ex. G.) A copy of the motion for default judgment was not served on Hallbauer, Jennings, the United Stated Attorney or the DHHS. On August 31, 2009, the state court signed an order granting the plaintiff's motion for default judgment and setting a hearing on damages for September 11, 2009. (*Id.*) On September 14, 2009, the state court entered an order granting

---

[1] The plaintiff's claims against the Sadler Clinic Association were eventually non-suited and her claims against Conroe Regional Medical Center were severed and docketed as a separate civil action. (*See* Docket Entry No. 1, Ex. I).

the plaintiff a final judgment in the amount of $700,000, plus post-judgment interest, against Hallbauer and Jennings, jointly. (*Id.*, Ex. H.)

On or about September 25, 2009, the DHHS became aware of the default judgment entered against the federal defendant employees and thereafter, referred the matter to the United States Attorney for the Southern District of Texas. Soon afterwards, on September 29, 2009, the government, on behalf of the federal defendant employees, filed a motion for new trial in the state court asserting that: (1) the state court lacked subject matter jurisdiction as the plaintiff's exclusive remedy was under the Federal Tort Claims Act ("FTCA"); (2) the plaintiff had failed to fully exhaust her administrative remedies under the FTCA prior to initiating her state-court action; and (3) service of process was defective. The state court, nevertheless, failed to rule on the government's motion for new trial.

On February 3, 2010, the government filed a notice of removal, pursuant to 28 U.S.C. § 1442(a), the FTCA, 28 U.S.C. § 2679, and 42 U.S.C. § 233, together with a certification that the federal defendant employees were deemed employees of the federal government and were acting within the scope of their employment at the time of the actions giving rise to the plaintiff's lawsuit. The plaintiff has moved to remand the action to state court.

### III.    CONTENTIONS OF THE PARTIES

#### A.    The Government's Contentions

The government moves to be substituted as a party defendant in place of the named federal defendant physicians, Drs. Hallbauer and Jennings, pursuant to the FTCA. It also seeks to vacate the state-court default judgment entered against them pursuant to Rules 55(c), 55(d) and Rules 60(b)(1), 60(b)(4) and 60(b)(6) of the Federal Rules of Civil Procedure. Finally, it

moves to dismiss the plaintiff's lawsuit due to her failure to fully exhaust her administrative remedies before initiating a civil action in state court.

### B. The Plaintiff's Contentions

The plaintiff contends that the government's removal was untimely, improper and constitutes a collateral attack on a final, state-court judgment. As such, she contends that this case was not properly removed and therefore, this Court lacks jurisdiction to consider the government's motion. Accordingly, the plaintiff argues that the government's motions should be denied and this case should be remanded to state court.

## IV. STANDARDS OF REVIEW

### A. Standard Governing Motion to Set Aside Default Judgment

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) provides, in relevant part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (4) the judgment is void; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The Fifth Circuit has explained that "[s]everal factors shape the framework of [a] court's consideration of a 60(b) motion[,]" including the following:

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether-if the judgment was a default or a dismissal in which there was no consideration of the merits-the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgment, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.

*Edward H. Bohlin Co., Inc. v. The Banning Co., Inc.*, 6 F.3d 350, 356 -57 (5th Cir. 1993). Nevertheless, "[t]he decision to set aside a default decree lies within the sound discretion of the district court." *U.S. v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985) (citing *Traquth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983)). In reviewing a district court's exercise of discretion in this regard, the Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments." *Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (internal citations and quotations omitted)). Therefore, "when there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." *Lacy v. Sitel Corp.*, 227 F.3d 290, 291 (5th Cir. 2000) (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.,* 277 F.2d 919, 921 (5th Cir. 1960)).

      **B.**      **Standard Governing Motion to Dismiss Under Rule 12(b)(1)**

Rule 12(b)(1) permits the dismissal of an action for the lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "If [a federal] court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 880 n.3 (3rd Cir. 1992) (citing *Rubin v. Buckman*, 727 F.2d 71, 72 (3d Cir. 1984)) (reasoning that "[t]he distinction between a Rule 12(h)(3) motion and a Rule 12(b)(1) motion is simply that the former may be asserted at any time and need not be responsive to any pleading of the other party.") Since federal courts are considered courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims. *See, e.g., Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). Therefore, the party seeking to invoke the jurisdiction of a federal court carries "the burden of proving subject matter

jurisdiction by a preponderance of the evidence." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008); *see also Stockman*, 138 F.3d at 151.

When evaluating jurisdiction, "a [federal] court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *MDPhysicians & Assoc.*, *Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); *see also Vantage Trailers*, 567 F.3d at 748 (reasoning that "[i]n evaluating jurisdiction, the district court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations.")  In making its ruling, the court may rely on any of the following:  "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *MDPhysicians*, 957 F.2d at 181 n.2 (citing *Williamson*, 645 F.2d at 413).

## V.     ANALYSIS AND DISCUSSION

### A.     The Government's Motion to Substitute the United States As a Party

As a threshold matter, the government moves to be substituted as a party defendant in place of the named federal defendant employees pursuant to the FTCA.  The FTCA is the exclusive remedy for damages arising out of tortious acts committed in the course and scope of a federal employee's employment or the employment of one "deemed" to be a federal employee. *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998) (citing 28 U.S.C. § 2679).  "To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant." *McGuire*, 137 F.3d at 324 (citing *Atorie Air, Inc. v. Fed. Aviation Admin.*, 942 F.2d 954, 957 (5th Cir. 1991)).  "[T]he United States, and not the responsible agency or employee, is the proper

party defendant in a Federal Tort Claims Act suit." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). Further, once the government files a course-and-scope certification, the "action or proceeding shall be deemed to be an action or proceeding brought against the United States under the [FTCA], and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(2).[2]

Attached to the government's motion to substitute are copies of letters by which the DHHS certifies that it "deems the [Lone Star Community Health Center, Inc.] to be an employee of the Federal Government, effective June 25, 2004, for the purposes of Section 224." (*See* Docket Entry No. 2, Ex. A-1.). The letter also explains that Section 224(a) of the Public Health Service Act "provides liability protection under the [FTCA] for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, and related functions and is exclusive of any other civil action or proceeding." (*Id.*)

As additional support for its motion to substitute, the government submits a declaration from Meredith Torres, a senior attorney with the DHHS, who testifies that agency records show that "Lone Star Community Health Center, Inc." was deemed eligible for FTCA malpractice coverage effective June 25, 2004, and that its coverage has continued without interruption since that date. (*See* Docket Entry No. 2, Ex. A, ¶ 3.). Ms. Torres also avers that official agency

---

[2] Specifically, 28 U.S.C. § 2679(d)(2) provides as follows:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his . . . employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of . . . employment for purposes of removal.

records denote that Drs. Hallbauer and Jennings were deemed employees of Lone Star Community Health Center, Inc., at all times relevant to the plaintiff's claims. (*Id.*)

Further, Bryan Best, the former-Acting United States Attorney for the Southern District of Texas, has filed a certification in support of the government's motion to substitute, certifying that Drs. Hallbauer and Jennings were acting within the course and scope of their employment at the time of the alleged medical care complained of by the plaintiff. (*See* Docket Entry No. 2, Ex. D.). Pursuant to 28 U.S.C. § 2679(d), this certification permits the removal of the state-court action against the federal defendant employees to this Court as well as the substitution of the United States as a party defendant in their place. *See* 28 U.S.C. § 2679(d). The plaintiff does not dispute that Drs. Hallbauer and Jennings were acting within the course and scope of their employment at the time of the actions complained of by her in her Original Petition and she, seemingly, relies on this very contention and the *respondeat superior* doctrine to support her claims against Conroe Regional MC and Sadler. She argues, instead, that the government's motion to substitute should be denied as moot. Based on the record before it, this Court determines that the United States should be substituted as a party defendant in place of the federal defendant employees, Drs. Hallbauer and Jennings.

      **B.**      **The Government's Motion to Set Aside Default Judgment**

Next, the government moves to set aside the default judgment entered against the former federal defendant employees pursuant to Rules 55(c), 55(d) and 60(b) of the Federal Rules of Civil Procedure. The plaintiff, in opposition, argues that the default judgment should not be set aside because the government's removal is untimely and violates the principle set forth in *Barrow v. Hunton*, that a federal district court is precluded from exercising removal jurisdiction over a state-court lawsuit that seeks to set aside or vacate a prior state-court judgment when the

removed action "is a supplementary proceeding so connected with the original suit as to form an incident to it, and substantially a continuation of it." 99 U.S. 80, 82, 25 L. Ed. 407 (1879). She contends that the government "has removed the [state-court action] solely as a ruse to attack the final, state-court judgment" and this Court has no jurisdiction to entertain setting aside the state-court's default judgment. (Docket Entry No. 4 at 5.). This Court disagrees.

First, the Fifth Circuit has held that the principle established in *Barrow* does not preclude a federal district court from acquiring jurisdiction over an attempt to set aside a state-court default judgment once the state-court action has been removed to federal court. *See Beighley v. FDIC*, 868 F.2d 776, 781 (5th Cir. 1989), *superceded by statute on other grounds as stated by Dendinger v. First Nat'l Corp.*, 16 F.3d 99 (5th Cir. 1994). Second, under the rationale stated in *Beighley*, the *Barrow* principle is inapplicable to the instant case as "the *Barrow* rule applies only when an action in federal court seeks to nullify or to enforce the judgment of a *prior* state court suit." *Beighley*, 868 F.2d at 781 (emphasis in original). Here, the issues presented emanated in the state-court action and upon removal, were presented to this Court. As a consequence, they are part-and-parcel of the removed state-court action and are not a by-product of any "*prior* state court suit." Third, "the legislative history of [28 U.S.C. § 1442, the federal officer removal statute,] does not specifically exclude and is in fact consistent with allowing post-judgment removals." *Hadley-Memorial Hosp. v. Kynard*, 981 F. Supp. 690, 692 (D.D.C. 1997). Moreover, because this action was removed pursuant to § 1442(a), the FTCA, 28 U.S.C. § 2679(d)(2), and the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233, the

Court determines that removal was proper.[3]  *See In re Meyerland Co.*, 960 F.2d 512, 517 (5th Cir. 1992).  Fourth, "[i]t is clear that a judgment in a removed state-court action is subject to being modified or set aside under the Federal Rules, just as if the judgment had been entered in the federal court."  *Zolman v. U.S.*, 170 F. Supp.2d 746, 751 (W.D. Mich. 2001) (citing *Munsey v. Testworth Labs., Inc.*, 227 F.2d 902, 903 (6th Cir. 1955); *FDIC v. Yancey Camp Dev.*, 889 F.2d 647, 648 (5th Cir. 1989) (reasoning that "a state court judgment in a case properly removed to federal court can be vacated under Fed. R. Civ. P. 60(b)")).  When balancing these and other factors, this Court determines that the state-court default judgment should be vacated pursuant to Rules 60(b)(1) and 60(b)(4).

The Fifth Circuit has explained that "[i]n determining whether to set aside a default [judgment], [a] district court should consider [1] whether the default was willful, [2] whether setting it aside would prejudice the adversary, and [3] whether a meritorious defense is presented."  *Dierschke v. O'Cheskey* (*In re Dierschke*), 975 F.2d 181, 183 (5th Cir. 1992) (quoting *One Parcel of Real Property*, 763 F.2d at 183); *see also Lacy*, 227 F.3d at 292.  Other factors may also be considered, as "[t]he three factors identified . . . are not talismanic."  *Dierschke*, 975 F.2d at 183.

---

[3] Section 2679(d)(2) of the FTCA provides, in relevant part, that:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his . . . employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court *shall be removed without bond at any time before trial* by the Attorney General to the district court of the United States . . . .

Likewise, 42 U.S.C. § 233(c) states, in pertinent part, that:

> Upon a certification by the Attorney General that the defendant was acting in the scope of his employment . . . , *any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial* by the Attorney General to the district court of the United States . . . *and the proceeding deemed a tort action brought against the United States* under the provisions of Title 28 and all references thereto. . . .

In the present case, the government has satisfied the requirements for setting aside the default judgment. To begin with, there is no evidence from which to insinuate that the government's failure to timely file an answer to the plaintiff's Original Petition was willful, done in bad faith or the result of otherwise culpable conduct on the part of the federal defendant employees or the government. While it is true that Drs. Hallbauer and Jennings did not deliver the process served upon them to their immediate supervisor(s) or to whomever was designated by their department(s) to receive such papers, there is no evidence in the record to indicate that they acted willfully in allowing the default judgment to be entered in state court, especially in light of the plaintiff's pending administrative claim filed with the DHHS two months prior to her commencement of the state-court action. Once the government became aware of the state-court lawsuit on September 25, 2009, after the default judgment had already been entered, it acted promptly and filed a motion for new trial seeking to vacate the default judgment entered. After obtaining no ruling on its motion for new trial, it removed the state-court action to this Court.

In addition, the plaintiff has not alleged nor can this Court find that she would suffer any prejudice, beyond a potential delay in recovery, if the default judgment were to set aside. A "mere delay [in adjudicating a claim, however] does not alone constitute prejudice." *Lacy*, 227 F.3d at 293. Instead, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" *Id.* (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)). The plaintiff makes no such showing in this case nor does any such prejudice appear apparent from the record. *See Lacy*, 227 F.3d at 293 (quoting *Gen. Tel.*, 277 F.2d at 921) (reasoning that "[t]here is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case.")

Furthermore, the government has presented evidence in support of its meritorious defenses. As an initial matter, it contends that at the time the plaintiff initiated her lawsuit in state court, the court lacked subject matter jurisdiction over the federal defendant employees because the plaintiff failed to fully exhaust her administrative remedies prior to filing the state-court action in accordance with the FTCA. Additionally, it argues that under the FTCA, the United States is the only proper party defendant and despite her pending administrative claim, the plaintiff failed to serve the United States Attorney or the DHHS with service of process or otherwise provide them with any notice of her state-court lawsuit. Further, in accordance with Rule 55(d), "[a] default judgment may be entered against the United States, it officers, or its agencies *only* if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d) (emphasis added). Because the record is devoid of any such evidence, the Court determines that setting aside the default judgment in this instance is warranted and appropriate.

### C. The Government's Motion to Dismiss for Failure to Exhaust Administrative Remedies

Lastly, the government moves to dismiss the plaintiff's action for failure to fully exhaust her administrative remedies prior to initiating a lawsuit for damages. In response, the plaintiff merely asserts that the government's motion to dismiss and set aside default judgment should be denied as a collateral attack on a final, state-court judgment. She makes no assertion, however, in response to the government's failure-to-exhaust argument.

The FTCA provides that "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have *first* presented the claim to the appropriate Federal agency and [her] claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a) (emphasis added). If the agency fails to

make a final disposition within six months of receiving the claim, the plaintiff may thereafter consider the claim finally denied for purposes of filing a claim in district court. *Id.* "The exhaustion of administrative remedies is a jurisdictional prerequisite to filing suit under the [FTCA], and absent compliance with the statute's requirement [a] district court [is] without jurisdiction." *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222 – 23 (5th Cir. 1989) (citing *Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir. 1980)); *see also Gregory v. Mitchell*, 634 F.2d 199, 203 – 04 (5th Cir. 1985) (citing *Molinar v. United States*, 515 F.2d 246 (5th Cir. 1975) (reasoning that "[t]he requirement of exhaustion of administrative review is a jurisdictional requisite to the filing of an action under the FTCA.").

Here, although the plaintiff timely filed an administrative claim with the DHHS on February 25, 2009, she did not wait the required six-month period before initiating an action in state court nor did she await receipt of the required formal denial of her claim in writing from the DHHS. Instead, she filed a state-court lawsuit on April 30, 2009, approximately two months after she first presented her claim to the DHHS. Her partial compliance in this regard is simply not enough since "[w]aivers of sovereign immunity [are to] be strictly construed. *Gregory*, 634 F.2d at 204 ("Section 2675 is more than a mere statement of procedural niceties. It requires that jurisdiction must exist at the time the complaint is filed."); *see also Houston v. U.S. Postal Serv.*, 823 F.2d 896, 903 (5th Cir. 1987). As a consequence, the plaintiff's claims against the United States must be dismissed, without prejudice, for failure to fully exhaust her administrative remedies because this Court's subject matter jurisdiction is conditioned on her compliance with § 2675(a). *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995) (citing *McNeil v. United States*, 508 U.S. 106, ----, 113 S. Ct. 1980, 1983, 124 L. Ed.2d 21 (1993) ("An action that is filed before the expiration of the six-month waiting period, and is thus untimely, cannot become timely by

the passage of time after the complaint is filed.")).  Further, equitable considerations do not warrant remand in this case, as the plaintiff suggests, because no court has jurisdiction to try the plaintiff's lawsuit prior to the exhaustion of her administrative remedies.  *See Houston v. U.S. Postal Serv.*, 823 F.2d at 903.

## VI.   CONCLUSION

Based on the foregoing discussion, the government's motion to substitute, set aside default judgment and dismiss as premature is GRANTED; the plaintiff's motion to remand is DENIED.

IT IS SO **ORDERED**.

SIGNED at Houston, Texas this 29th day of September, 2010.

_____
Kenneth M. Hoyt
United States District Judge